# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT W. MURRAY, JR., | : | |
| Plaintiff, | : | |
| v. | : | 3:06cv1650 (WWE) |
| FRANK J. CARROLL and THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, | : | |
| Defendants. | : | |

## RULING ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

The genesis of this action is the removal of plaintiff Robert Murray from his office as an elected local union officer of defendant International Brotherhood of Electrical Workers ("IBEW"), a labor organization. Defendant Frank Carroll is the Vice President of IBEW.

Plaintiff alleges that his removal resulted in violations of the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §§ 401-531, and a breach of IBEW's constitution. Defendants have moved for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), requesting dismissal of all counts brought under LMRDA. For the following reasons, the motion for partial judgment on the pleadings will be granted.

1

## BACKGROUND

The following background is reflected in the allegations of the complaint, which are taken as true for purposes of ruling on this motion for judgment on the pleadings. The Court also takes into consideration any documents incorporated by reference or of which judicial notice may be taken. Hirsch v. Arthur Anderson & Co., 72 F.3d 1085, 1092 (2d Cir. 1995).

In June 2004, plaintiff ran for election for the position of Business Manager & Financial Secretary against incumbent Kenneth Leech, who was an ally of defendant Carroll. Plaintiff was elected by the membership of Local IBEW Local 35 to be the principal executive officer. Plaintiff alleges that Carroll was dismayed by his election.

On November 15, 2004, plaintiff was arrested for driving while intoxicated. He pleaded guilty to this offense in July 2005.

On August 1, 2005, Carroll suspended plaintiff from his elected position and installed John Sardo to assume plaintiff's position on an interim basis.

On August 29, 2005, IBEW conducted a hearing to determine whether plaintiff should be removed for the remainder of his term in office. Richard Panagrossi conducted the hearing, and Paul Ward presented the charges against plaintiff. Panagrossi and Ward are alleged to be close allies of Carroll. No witnesses were called against plaintiff.

On October 11, 2005, Panagrossi wrote an internal memo that concluded that plaintiff "has been and will continue to be inhibited from performing his official duties as defined in the IBEW constitution." Thereafter, Carroll ordered that plaintiff be removed from his position permanently and that Sardo be named to serve out the remainder of

Murray's term.

Plaintiff appealed Carroll's decision. On January 24, 2006, IBEW's president ratified Carroll's decision. Plaintiff appealed that decision to the IBEW Executive Council. On June 5, 2006, the IBEW Executive Council met and ratified the removal of plaintiff. Plaintiff was never formally notified of the Executive Council's decision. In August 2006, plaintiff learned of the Executive Council's decision by reading a copy of IBEW's national magazine.

## DISCUSSION

### Motion for Judgment on the Pleadings

The "standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). The Court must assess the legal feasibility of the complaint, not assay the weight of the evidence which might be offered in support thereof. Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984). The Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). A motion for judgment on the pleadings may be granted where it appears beyond doubt that the plaintiffs can prove no set of facts in support of the claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

### LMRDA § 101(a)(1)

Plaintiff's first count alleges violation of LMRDA's § 101(a)(1), 29 U.S.C. § 411(a)(1), which provides:

> Every member of any labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws.

Section 101(a)(1) concerns discrimination relevant to union members' rights to nominate and vote. Calhoon v. Harvey, 379 U.S. 134, 139 (1964). It is well established that the removal of an elected official does not infringe upon the rights of members enumerated in Section 101(a)(1). Schonfeld v. Penza, 477 F.2d 899, 903 (2d Cir. 1973); Gilvin v. Fire, 259 F.3d 749, 761 (D.C. Cir. 2001).

The instant alleged violation of Section 101(a)(1) concerns plaintiff's removal as an elected officer after his conviction for driving while intoxicated. No allegation may be construed as an interference with the right of union members to nominate or vote in elections. Accordingly, the motion for judgment on the pleadings will be granted as to count one.

### LMRDA Sections 101(a)(5) and 609

In counts two and three, plaintiff invokes violation of LMRDA's due process provisions, Sections 101(a)(5) and 609. Defendants assert that plaintiff's allegations do not fall within these sections.

Section 101(a)(5), 29 U.S.C. § 411(a)(5) provides:

No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.

Section 609, 29 U.S.C. § 529, provides:

It shall be unlawful for any labor organization or any officer . . . of a labor organization . . . to fine, suspend, expel or otherwise discipline any of its members for exercising any right to which he is entitled under the provisions of this chapter.

In Finnegan v. Leu, 456 U.S. 431, 437 (1982), the Supreme Court reviewed the legislative history of LMRDA and held that discipline contemplated by Section 101(a)(5) and 609 refers only to retaliatory actions that affect a union member's rights or status as a member of the union. Thus, Finnegan set forth that the phrase "otherwise disciplined" did not encompass the removal of an appointed officer.

Plaintiff proffers that Finnegan does not apply to a removal of an elected official since the Supreme Court subsequently distinguished treatment of an elected officer from that of an appointed officer. See Sheet Metal Workers' International Association v. Lynn, 488 U.S. 347 (1989). Lynn held that retaliatory discharge of an elected officer, as opposed to that of an appointed officer, affected members' free speech rights protected by LMRDA's Section 101(a)(2). However, the alleged failure to follow proper procedures does not implicate the concern for members' right to free expression that animated Lynn. Messina v. Local 1199 SEIU, 205 F.Supp.2d 111, 126 (S.D.N.Y. 2002). Consequently, decisional law subsequent to Lynn has adhered to the holding of Finnegan that the provisions of Sections 101(a)(5) and 609 apply to disciplinary

5

sanctions taken against members as members rather than the removal of elected officers.  See Austin v. United Auto Workers International Union, 2004 WL 2112730 (E.D.Mich. 2004) (discussing cases).  Accordingly, the motion for judgment on the pleadings will be granted as to counts two and three.

## CONCLUSION

Based on the foregoing, defendants' Motion for Partial Judgment on the Pleadings [doc. #14 ] is GRANTED.


_____/s/_____
Warren W. Eginton
Senior U.S. District Judge


Dated this 12th day of June, 2007 at Bridgeport, Connecticut.