UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| ROBERT W. MURRAY, JR., | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | 3:06cv1650 (WWE) |
| FRANK J. CARROLL and THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, | : | |
| Defendants. | : | |

## RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The genesis of this action is the removal of plaintiff Robert Murray from his office as an elected local union officer of defendant International Brotherhood of Electrical Workers ("IBEW"), a labor organization. Defendant Frank Carroll is the Vice President of IBEW.

Plaintiff alleges that he was removed as an elected local union officer in a breach of IBEW's Constitution and that defendants violated the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. Section 101 (a)(2).[1] Defendants have moved for summary judgment on plaintiff's claim of breach of the IBEW Constitution.[2] For the following reasons, the motion for summary judgment will be granted.

---

[1] The Court allowed plaintiff to amend the complaint to plead this later claim after plaintiff filed this pending motion for summary judgment.

[2] Plaintiff has withdrawn his contractual claims against defendant Carroll.

1

## **BACKGROUND**

The parties have submitted statements of undisputed facts with supporting exhibits. These materials reflect the following undisputed facts.

IBEW Local Union 35 is a local labor organization affiliated with IBEW. Plaintiff is a member of IBEW and its Local Union 35.

In 2004, plaintiff was elected by the membership for the position of Business Manager/Financial Secretary, the principal officer of the local IBEW union. The Business Manager is responsible for the day-to-day operations of the local union, including collective bargaining and organizing.

### IBEW Constitution

The IBEW and its local unions are governed by a Constitution. The following provisions of the Constitution are relevant to this action.

Article IV, Section 3 states that the International President is empowered to "decide all questions in controversy." According to Article IV, Section 3(j), the International President retains the authority :

> To remove or suspend any officer, representative, appointee or agent of a L.U. or System Council for incompetence, or for nonperformance of duties, or for failure to carry out the provisions of this Constitution and the rules herein, or the bylaws and agreements of the L.U. or System Council, or for putting into effect or allowing to be put into effect any practice, rule, agreement, bylaw or policy not having approval of the I.P. [International President], or for failure to observe or carry out instructions or decisions of the I.P. When the I.P. removes or suspends any officer, representative, appointee or agent of a L.U. or System Council, then he can fill any such office or position by appointment of others.

Prior to this action, a local union officer had been removed pursuant to Article IV, Section 3(j) without affording the officer any notice of charges or a hearing.

Pursuant to Article IV, Section 4, the International President may delegate the powers of his office to an International Vice President. Article IV, Section 5 states: "Nothing in this Constitution shall be construed to conflict with any of the provisions of this article."

Article XXV is entitled "Misconduct, Offenses and Penalities" and delineates the circumstances in which a member may be penalized. Sections 2 through 4 of Article XXV address the procedure relevant to bringing charges against a member. Section 2 provides:

> All charges, except against officers and representatives of L.U.'s, shall be heard and tried by the L.U. Executive Board which shall act as the trial board in accordance with Article XVII. A majority vote of the board shall be sufficient for decision and sentence.

Section 2 specifies: "This section shall not be construed to conflict with the power of the I.P. or the I.E.C. to take action in certain cases as provided in Articles IV and VIII."

Article XXV, Sections 8 through 11 describe the procedures for the trial of officers and representatives. Section 8 states:

> All charges against an officer or representative or a L.U. must be presented in writing, signed by the charging party, and specify the section or sections of this Constitution, the Bylaws, rules or working agreement violated. The charges must state the act or acts considered to be in violation, including approximate relevant dates and places and must be made within sixty (60) days of the time the charging party first became aware or reasonably should have been aware, of the alleged act or acts.

Section 8 specifies that it "shall not be construed to conflict with the power of the I.P. or the I.E.C. to take action in certain cases as provided in Articles IV and VIII."

Pursuant to Section XXV, Section 9, the "I.V.P. shall pass upon and determine such cases, with the accused having the right of appeal...."

In Article XVI, Section 16, the Constitution directs that "[v]acancies occurring in any L.U. office shall be filled by the L.U. Executive Board until the next regular election, except when filled by the I.P."

<u>Plaintiff's Arrest, Conviction and Removal</u>

On November 15, 2004, plaintiff was driving a car owned by Local 35 when he struck another car. He was subsequently arrested for driving while intoxicated.

On July 6, 2005, plaintiff pled guilty to driving under the influence of alcohol. He received a sentence of two years in prison, two years of probation and 100 hours of community service. The court suspended all but 120 days of the prison sentence, and ordered plaintiff to pay a fine and court costs. Plaintiff's driver's license was also suspended for a three year period. At plaintiff's request, the court stayed the start of his prison term until August 31, 2005.

Due to the suspension of his license, plaintiff was driven to meetings and job sites by other local union officials. During his incarceration, plaintiff would not have been able to perform all of his duties, although he asserts that he could have delegated his responsibilities. Plaintiff did not resign from office despite his sentence of incarceration.

Frank Carroll, the International Vice President for the Second District of the IBEW, wrote to IBEW International President Edwin Hill:

> For the following reasons, I am requesting that you grant me the authority, in accordance with Article IV, Section 4 of the IBEW Constitution, to proceed under Article IV, Section 3, subsection j, of the Constitution to suspend Brother Robert

4

W. Murray, Jr., from the office of Business Manager/Financial Secretary, Local Union 35, and to appoint a successor.

Hill responded by letter, stating "in accordance with the authority granted me by Article IV, Section 4, of the IBEW Constitution, you are authorized to suspend Brother Murray from office to appoint a successor, and following a hearing, to determine whether Brother Murray should be removed from office in accordance with Article IV, Section 3, subsection j, of the Constitution."

On August 1, 2005, Carroll suspended plaintiff from his elected position. Carroll informed Murray by letter that a hearing would be conducted to determine "whether you should be removed from office under Article IV, Section 3(j) of the Constitution" and that John Sardo, the local union president, was being appointed to assume plaintiff's position.

A letter dated August 4, 2005 from Carroll informed plaintiff that he would be allowed to submit testimony and evidentiary materials and to cross examine witnesses.

In a letter dated August 17, 2005, Carroll wrote that a hearing scheduled for August 29, 2005 would "be limited to the issue of the effect of your conviction for driving while intoxicated on your ability to perform the duties of the office of Business Manager/Financial Secretary of IBEW Local Union 35."

On August 29, 2005, IBEW conducted a hearing to determine whether plaintiff should be removed for the remainder of his term in office. International Representative Richard Panagrossi conducted the hearing, and International Representative Paul Ward presented the charges against plaintiff and submitted the police report of plaintiff's accident, a copy of the hearing in which Murray had pleaded guilty and had

5

been sentenced, and a copy of Connecticut General Statutes Section 14-227a, describing the penalties for driving under the influence of alcohol.

Plaintiff appeared at the hearing, called a witness in his own defense and questioned Ward.

On August 31, 2005, plaintiff commenced his prison sentence.

On October 11, 2005, Panagrossi wrote an internal memo that concluded that plaintiff "has been and will continue to be inhibited from performing his official duties as defined in the IBEW constitution." On October 12, 2005, Carroll ordered that plaintiff be removed from his position permanently and that Sardo be named to serve for the remainder of Murray's term.

Plaintiff appealed Carroll's decision to International President Hill. On January 24, 2006, Hill ratified Carroll's decision. Plaintiff appealed that decision to the IBEW Executive Council. On June 5, 2006, the IBEW Executive Council met and ratified the removal of plaintiff.

## **DISCUSSION**

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London

6

American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 249.

Plaintiff claims that defendants "charged, tried, disciplined, suspended and removed plaintiff in violation of the IBEW Constitution." Specifically, plaintiff maintains that his removal pursuant to Article IV, Section 3(j) for nonperformance of duties was improper because he had not yet commenced his incarceration. Plaintiff also asserts that defendants failed to comply with the procedural requirements of Article XXV, Section 8. Defendants counter that no breach occurred because they have reasonably interpreted the IBEW Constitution.

Section 301(a) of the Labor Management Relations Act gives federal district courts jurisdiction over actions by individual union members claiming that the union violated its constitution. Wooddell v. IBEW Local 71, 502 U.S. 93, 101 (1991); Plumbers and Pipefitters v. Local 334, Plumbers and Pipefitters, 452 U.S. 615, 616 (1981). However, courts must "defer to a union's construction of its own constitution and rules unless that interpretation is patently unreasonable." Hughes v. Bricklayers Local 45, 386 F.3d 101, 106 (2d Cir. 2004).

Defendants submit that IBEW International President Hill, who is authorized to interpret the IBEW Constitution and resolve all controversies, made the valid determination that Article IV, Section 3(j) empowered him or his designee to remove a local union business manager due to nonperformance of duties resulting from the officer's imminent incarceration. Further, International President Hill interpreted the IBEW Constitution as permitting such removal through Section 3(j) without the procedures delineated in Article XXV, Section 8 through 11.

Defendants interpret the Constitution as providing two separate methods by which local union officers may be removed: 1) removal without procedural requirements by the International President or his designee under Article IV, Section 3(j); and 2) removal by the International Vice President following charges, investigation, and possibly a hearing under Article XXV, Sections 8 through 11. Defendants maintain that the procedures described in Article XXV, Section 8 apply to instances where individual union members file charges against local union officers.

Upon review of the IBEW Constitution, the Court finds that International President Hill's interpretation is reasonable. Both Article IV and Article XXV indicate that the procedural requirements of Article XXV, Section 8 should not interfere with the International President's power of removal under Article IV, Section 3(j). Article IV provides: "Nothing in this Constitution shall be construed to conflict with any of the provisions of this article." Article XXV, Section 8 states: "This section shall not be construed to conflict with the power of the I.P. . . . to take action in certain cases as provided in Articles IV and VIII." Further, the IBEW Constitution mirrors Title I of the LMRDA, which permits removal of union officers without the due process requirements

of Section 101(a)(5).  See Russo v. Local 676, Plumbers and Pipefitters, 372 F.Supp. 1265, 1269 (D. Conn.), aff'd, 493 F.2d 1398 (2d Cir. 1974).

Murray argues that the Court should not afford deference to President Hill's interpretation of the IBEW Constitution due to Carroll's bad faith conduct.  Plaintiff asserts that he had confronted Carroll about his opposition to Carroll's policies, and that animosity existed between them.  At least one district court within the Second Circuit has held that the existence of a union's bad faith is relevant to the deference accorded to the union's interpretation of its constitution.  Craig v. Boudrot, 40 F.Supp.2d 494, 500 (S.D.N.Y. 1999).  A union official's acts that are contrary to the union's best interests, that are in the official's self-interest, or that are unconscionable may be proven to constitute bad faith.  Teamsters v. Local 810, Teamsters, 19 F.3d 786, 794 (2d Cir. 1994).

Plaintiff adduces no evidence that International President Hill was motivated by bad faith when he interpreted the constitutional provisions to allow for removal of plaintiff pursuant to Article IV, Section 3(j) without the procedures required by Article XXV, Section 8.  Further, plaintiff's evidence does not support an inference that Carroll's conduct was contrary to IBEW's interest, promoted his self-interest, or was otherwise unconscionable.  Accordingly, the Court will grant summary judgment in defendants' favor on plaintiff's claim of breach of the IBEW Constitution.

## CONCLUSION

Based on the foregoing, defendants' Motion for Summary Judgment [doc. 45] is GRANTED.

　　　　/s/　　　　　　　
Warren W. Eginton
Senior U.S. District Judge

Dated this 20th day of February, 2008 at Bridgeport, Connecticut.